# IN THE COURT OF APPEALS OF OHIO

SEVENTH APPELLATE DISTRICT
COLUMBIANA COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

CHRISTOPHER M. BRINK,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
**Case Nos. 25 CO 0036; 25 CO 0037; 25 CO 0038; 25 CO 0039**

---

Criminal Appeal from the
Court of Common Pleas of Columbiana County, Ohio
Case Nos. 2023 CR 610; 2024 CR 60; 2024 CR 148; 2024 CR 678

**BEFORE:**
Cheryl L. Waite, Carol Ann Robb, Mark A. Hanni, Judges.

---

**JUDGMENT:**
Affirmed.

---

*Atty. Vito J. Abruzzino,* Columbiana County Prosecutor, and *Atty. Steven V. Yacovone,* Assistant Prosecutor, for Plaintiff-Appellee

*Atty. R. Aaron Miller*, Belmont County Public Defender, for Defendant-Appellant

Dated: May 20, 2026

---

**WAITE, P.J.**

{¶1}   Appellant Christopher M. Brink pleaded guilty in four separate cases in the Columbiana County Court of Common Pleas to four charges of aggravated possession of drugs.  He argues on appeal that the trial court failed to fully explain the meaning and significance of postrelease control, thereby invalidating his guilty pleas.  The record reflects that the court did follow the proper procedure for notifying Appellant about postrelease control pursuant to R.C. 2929.19(B)(2) and 2967.28.  Appellant's assignment of error has no merit and the judgment of the trial court is affirmed.

Facts and Procedural History

{¶2}   In each of the four cases that have been consolidated in this appeal, Appellant was charged in the Columbiana County Court of Common Pleas with aggravated possession of drugs pursuant to R.C. 2925.11(A).  On August 28, 2025, the court held a change of plea hearing in which Appellant agreed to plead guilty in each of the four cases.  In Case Nos. 23 CR 610 and 24 CR 678 he agreed to plead guilty to third degree felonies.  In Case Nos. 24 CR 148 and 24 CR 60 he agreed to plead guilty to fifth degree felonies.  The court informed Appellant that he could be subject to up to two years of postrelease control, to be supervised by the Adult Parole Authority ("APA") that could include a new prison term of up to one-half the prison term originally imposed.  (8/28/25 Tr., p. 23.)

{¶3}   The sentencing hearing took place on October 8, 2025.  The court notified Appellant at the hearing that he could be subject to up to two years of postrelease control pursuant to R.C. 2967.28, supervised by the APA, and that a violation could include a new prison term of up to one-half the prison term originally imposed.  (10/8/25 Tr., p. 18.)

**{¶4}** The sentencing judgment entries in each of four cases were filed on October 16, 2025. Each entry stated that Appellant was notified of postrelease control as required by R.C. 2929.19, that he would be subject to up to two years of postrelease control administered by the APA as set forth in R.C. 2967.68, that a violation would be subject to the terms of the statute, and that a new prison term could be imposed of up to one-half of his original sentence. Timely appeals were filed on October 30, 2025.

ASSIGNMENT OF ERROR

THE TRIAL COURT ERRED BY FAILING TO PROPERLY ADVISE THE APPELLANT FULLY OF POST-RELEASE CONTROL.

**{¶5}** Appellant contends a trial court judge must inform a defendant about postrelease control prior to accepting a guilty plea, and that the notice about postrelease control must be included in the sentencing entry. Appellant cites as authority R.C. 2929.19(B)(2)(c)-(e) and 2967.28. Appellant claims that the failure to properly notify him about postrelease control renders his plea and conviction void. He argues the trial judge was required to notify him that a violation of parole would or could result in a sanction of up to nine months of imprisonment for each violation, but no longer than one-half the sentence imposed by the trial court. He also argues that the court failed to tell him that if he commits a new felony while on postrelease control, he risked having additional time added to his sentence: one-year, or the amount remaining on his postrelease control, whichever would be greater. Appellant concludes that the effect of these alleged errors is to entitle him to a new sentencing hearing.

Case Nos. 25 CO 0036; 25 CO 0037; 25 CO 0038; 25 CO 0039

**{¶6}** As a preliminary matter, Appellant is incorrect that his alleged error, if sustained on appeal, means his plea and conviction are void. Any error in imposing postrelease control renders a judgment voidable rather than void, only allowing the error to be set aside upon a successful challenge in a direct appeal. *State v. Harper*, 2020-Ohio-2913, ¶ 4. Appellant's citations asserting that his judgment is void due to a postrelease control notification error have been overruled, and are no longer good law.

**{¶7}** Appellant did not object to the advisements given by the court regarding postrelease control. An error regarding postrelease control not objected to during the trial court proceedings forfeits all error on appeal except for plain error. *State v. Frazier*, 2024-Ohio-518, ¶ 6 (3d Dist.); *State v. Burgos*, 2022-Ohio-3919, ¶ 14 (8th Dist.).

**{¶8}** A trial court is only required to notify a defendant at sentencing of three aspects of postrelease control: "The trial court must advise the offender at the sentencing hearing of the term of supervision, whether postrelease control is discretionary or mandatory, and the consequences of violating postrelease control." *State v. Bates*, 2022-Ohio-475, ¶ 11, citing *State v. Grimes*, 2017-Ohio-2927, ¶ 11. *See* R.C. 2929.19(B)(2). In order to comply with the third aspect, a trial court must provide some notice that if the offender violates postrelease control:

> [T]he parole board may impose a prison term, as part of the sentence, of up to one-half of the definite prison term originally imposed upon the offender as the offender's stated prison term or up to one-half of the minimum prison term originally imposed upon the offender as part of the offender's stated non-life felony indefinite prison term.

Case Nos. 25 CO 0036; 25 CO 0037; 25 CO 0038; 25 CO 0039

R.C. 2929.19(B)(2)(f).

{¶9} The court must also include a postrelease control notice in the sentencing entry. The judgment entry of sentencing must include the following:

(1) whether postrelease control is discretionary or mandatory, (2) the duration of the postrelease-control period, and (3) a statement to the effect that the [APA] will administer the postrelease control pursuant to R.C. 2967.28 and that any violation by the offender of the conditions of postrelease control will subject the offender to the consequences set forth in that statute.

*Bates* at ¶ 12.

{¶10} *Grimes* held that the following advisement in the sentencing entry was sufficient to satisfy the notification requirements of R.C. 2967.28:

The Court further notified the Defendant that "Post Release Control" is mandatory in this case for three (03) years as well as the consequences for violating conditions of post release control imposed by Parole Board under Revised Code § 2967.28. The Defendant is ordered to serve as part of this sentence any term for violation of that post release control. (Emphasis deleted.)

*Grimes* at ¶ 2. A reference to R.C. 2967.28 in the sentencing entry allows the defendant to determine any further requirements and consequences of postrelease control. *Id.* at ¶ 19.

Case Nos. 25 CO 0036; 25 CO 0037; 25 CO 0038; 25 CO 0039

{¶11} The trial court in the cases now under appeal clearly satisfied the notice requirements of R.C. 2967.28. The change of plea hearing included notification that Appellant was subject to two years of postrelease control, that it was not mandatory, and that pursuant to R.C. 2967.28, it would be supervised by the APA and could include a new prison term of up to one-half the prison term originally imposed which would be served consecutively.

{¶12} Each of the four sentencing entries contained the following notice:

> The Defendant was notified at the hearing of Post Release Control (PRC) pursuant to R.C. 2929.19. Upon being released from prison the Defendant was notified he/she may be supervised by the Parole Board for up to Two (2) years on PRC, which is optional. If a period of PRC is imposed, the Adult Parole Authority will administer PRC pursuant to R.C. 2967.28 and any violations of the conditions of PRC will subject the Defendant to the consequences set forth in that statute. If a period of supervision is imposed following the Defendant's release from prison and the Defendant violates the supervision or a condition of PRC, the parole board may impose a prison term, as part of the sentence, of up to one-half of the stated prison term originally imposed upon the Defendant. If the Defendant is convicted of a new felony offense committed while on PRC, any prison term imposed for the violation shall be served consecutively to any prison term imposed for the new felony.

**{¶13}** This advisement is much more thorough than the one in *Grimes*. It not only contains the three requirements of the advisement, but provides more information to Appellant: the PRC, administered by the APA, was discretionary; it was for two years; violations would be subject to the consequences set forth in R.C. 2967.28, particularly the consequences that if Appellant violated PRC, the APA could impose a prison term as part of the sentence of up to one-half of the stated prison term originally imposed; and that if Appellant is convicted of a new felony while on PRC, any prison term imposed for the violation would be served consecutively to any prison term imposed for the new felony.

**{¶14}** The additional advisements Appellant now claims he was not given are not required by the case law governing PRC, and the trial court, in fact, did provide all required advisements and also additional advisements (such as, that a postrelease control violation prison term would be served consecutively to the prison term for a new felony). The trial court more than satisfied all of the requirements of R.C. 2929.19(B)(2) and 2967.28. Appellant's assignment of error is without merit and is overruled.

## Conclusion

**{¶15}** Appellant contends on appeal that the trial court failed to fully explain the meaning and significance of postrelease control, thereby invalidating his guilty pleas. He claims that the court failed to notify him that a violation of parole would or could result in a sanction of up to nine months of imprisonment for each violation, but no longer than one-half the sentence imposed by the trial court. He further asserts that the court failed to tell him that if he commits a new felony while on postrelease control, he risked having additional time added to his sentence: one-year or the amount remaining on his postrelease control, whichever would be greater. However, these notifications are not

required by R.C. 2929.19(B)(2) and 2967.28. The record reveals that the court more than followed the proper procedure for notifying Appellant about postrelease control at the sentencing hearing and in the sentencing entry. Appellant's assignment of error has no merit, and the judgments of the trial court are affirmed.

Robb, J. concurs.

Hanni, J. concurs.

_____

For the reasons stated in the Opinion rendered herein, Appellant's assignment of error is overruled and it is the final judgment and order of this Court that the judgments of the Court of Common Pleas of Columbiana County, Ohio, are affirmed. Costs waived.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**